**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01793-CMA-KLM

FRANCISCO TORRES,

     Plaintiff,

v.

COMMERCE CITY POLICE OFFICER MICHAEL KIM, and
COMMERCE CITY POLICE OFFICER NICHOLAS LANGDON,

     Defendants.

---

**ORDER REGARDING MOTION IN LIMINE**

---

This matter is before the Court on Defendants' Partially Stipulated Motion

in Limine (Doc. # 39).  In this motion, Defendants move the Court to exclude any

trial evidence or testimony related to the Defendants' disciplinary histories,

including but not limited to complaints against them by citizens other than

Plaintiff.[1]  The Court finds that any such evidence or testimony would be

irrelevant, and should be excluded.

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes,

wrongs, or acts is not admissible to prove the character of a person in order to

---

[1] The parties have stipulated that the following evidence should be excluded: testimony or other evidence relating to complaints against Commerce City police officers other than Defendants, any investigations or legal proceedings flowing from the same, and any trial evidence or testimony related to Commerce City's training and supervision of police officers.

show action in conformity therewith."  However, such evidence may be

"admissible for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

Fed. R. Evid. 404(b).

Evidence may be admitted under Rule 404(b) only if four requirements are

met:

> (1)  the evidence was offered for a proper purpose under Fed. R.
> Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401;
> (3) the probative value of the evidence was not substantially out-
> weighed by its potential for unfair prejudice under Fed. R. Evid. 403;
> and (4) the district court, upon request, instructed the jury pursuant
> to Fed. R. Evid. 105 to consider the evidence only for the purpose
> for which it was admitted.

*United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (citing *Huddleston*

*v. United States*, 485 U.S. 681, 691-92 (1988)).

In this case, Plaintiff contends that evidence of prior allegations of

excessive force against the two defendant police officers would show "motive and

intent to use excessive force," as well as "absence of mistake or lack of accident."

(Doc. # 40 at 3.)  Plaintiff's asserted Rule 404(b) exceptions all go to the same

point, that Defendants intended to use excessive force on Plaintiff as demon-

strated by their similar actions on previous occasions.  *See Tanberg* v. *Sholtis*,

401 F.3d 1151, 1167 (10th Cir. 2005).

2

It is well-established that excessive force claims brought under federal law are analyzed under the Fourth Amendment reasonableness standard.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  This standard is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, **without regard to their underlying intent or motivation**."  *Id.* at 497 (emphasis added).

In *Tanberg*, a case similar to the one at bar, the plaintiffs sought to admit evidence that the defendant officer used excessive force in three previous (and unrelated) cases.  *See* 401 F.3d at 1167.  The plaintiffs argued that their proffered evidence of prior incidents of excessive force "was relevant under Fed. R. Evid. 404(b) to show intent and absence of mistake as well as consciousness and state of mind."  *Id.* (internal quotations omitted).  In rejecting this argument, the Tenth Circuit stated: "Because [p]laintiffs' federal claim for excessive force requires assessment of [the defendant officer's] conduct under an objective standard, [p]laintiffs have failed to establish the relevance of evidence tending to shed light on aspects of [the defendant officer's] mental state to this claim." 401 F.3d at 1167-68.  The same is true in this case.

Accordingly, Defendants' "Partially Stipulated Motion in Limine" (Doc. # 39) is GRANTED.  Unless Defendants open the door by proffering testimony of good character, Plaintiff may not introduce evidence or testimony related to

3

Defendants' disciplinary histories or complaints against them by citizens other than Plaintiff.  Additionally, Plaintiff may not introduce evidence or testimony related to complaints against Commerce City officers other than Defendants as well as any investigations or legal proceedings flowing from any such complaints, or any trial evidence related to Commerce City's training and supervision of officers.

DATED:  January  12 , 2012

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge