**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01793-CMA-KLM

FRANCISCO TORRES,

    Plaintiff,

v.

COMMERCE CITY POLICE OFFICER MICHAEL KIM, and
COMMERCE CITY POLICE OFFICER NICHOLAS LANGDON,

    Defendants.

---

### *IN LIMINE* RULING DENYING ADMISSION OF PLAINTIFF'S MEDICARE LIEN

---

This matter is before the Court on "Plaintiff's Brief in Support of Admission of Medicare Lien as Evidence of Damages in the Trial of this Matter" (Doc. # 45), which he filed on January 10, 2012. Defendants, in their January 12, 2012 response, argue that the Medicare Lien is inadmissible "collateral source" evidence. (Doc. # 46.) The Court agrees with Defendants and, for the reasons discussed below, ORDERS that evidence of Plaintiff's Medicare Lien is INADMISSIBLE.

### I. APPLICABLE LAW

Defendants assert that "'[t]he Court applies state law in determining whether the collateral source rule should bar admission of evidence regarding collateral sources of funds.'" (Doc. # 46 at 2-3, *quoting Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491, 2011 WL 4501923, at *4 (D. Colo. Sept. 28, 2011) (unpublished).) Strictly speaking, that assertion is incorrect because, as *Bullock* and the other cases Defendants cite make clear, the Court applies state law when it has **diversity**

**jurisdiction** over a case. Neither party cites authority, nor is the Court aware of any, supporting the proposition that a court with only **federal question jurisdiction** should apply state law to the issue of collateral source evidence in the absence of a federal statute so directing. *See, e.g.*, *Berg v. United States*, 806 F.2d 978, 981 n.1 & 984 (10th Cir. 1986) (in Federal Tort Claims Act (FTCA) case, addressing collateral source issue under state law but noting that, "[u]nder the FTCA, liability is determined according to the law of the state in which the wrongful act occurred"). Rather, because in the instant case the Court's jurisdiction is premised exclusively on federal law, it looks to such law when addressing the collateral source issue. *See, e.g.*, *Friedland v. TIC-The Indus. Co.*, No. 04-cv-01263, 2008 WL 185693 (D. Colo. 2008) (unpublished) (in federal question case, addressing collateral source issue under federal law and noting "that the collateral source rule has been applied under federal law" in various contexts), *aff'd* 566 F.3d 1203 (10th Cir. 2009). However, because the collateral source rule stems from the common law, as discussed below, the Court will address Colorado state law because doing so helps elucidate the common law rule.

## II. COLLATERAL SOURCE EVIDENCE

"Derived from the common law, the collateral source rule posits that '[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'" *Friedland*, 566 F.3d at 1205-06 (quoting Restatement (Second) of Torts § 920A(2) & cmt. d (1979)). To the extent that this rule produces a windfall, it is "considered more just that the benefit be realized by the plaintiff in the form of double

recovery rather than by the tortfeasor in the form of reduced liability." *Van Waters & Robers, Inc. v. Keelan*, 840 P.2d 1070, 1074 (Colo. 1992). Under the common law rule, "[t]o ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, such evidence is inadmissible at trial." *Volunteers of America Colorado Branch v. Gardenswartz*, 242 P.3d 1080, 1083 (Colo. 2010); *accord Crossgrove v. Wal-Mart Stores, Inc.*, --- P.3d ---, 2010 WL 2521744, at *3 (Colo. App. 2010) (noting that collateral source evidence is inadmissible under the common law rule "even to show the reasonable value of services rendered").

In the instant case, the parties assert, and the Court agrees, that Plaintiff's Medicare Lien constitutes collateral source evidence. Nonetheless, Plaintiff argues that the Court should admit the Medicare Lien because: (1) doing so would comport with the purpose of Colorado's Collateral Source Statute, Colo. Rev. Stat. § 13-21-111.6; and (2) Plaintiff is attempting to introduce it not as evidence of a benefit received but, rather, "as evidence of damages incurred . . . ." (Doc. # 45 at 3.) Neither reason is persuasive.

The state-law statute Plaintiff cites does not affect the outcome here, for the reasons discussed above. Nonetheless, the Court notes that since the Colorado General Assembly enacted § 13-21-111.6, Colorado courts have indicated that the statute did not abrogate the common law's prohibition on admitting collateral source evidence. *See Crossgrove*, --- P.3d ---, 2010 WL 2521744, at *5 ("section 13-21-111.6 does not address the evidentiary prohibition of the collateral source rule . . . the admission of the evidence is still prohibited by the common law collateral source rule."); *Haralampopoulos ex rel. Haralampopoulos v. Kelly*, --- P.3d ---, 2011 WL 4908743, at

*19 (Colo. App. 2011) ("the better practice would have been for the trial court to exclude even indirect evidence of the amounts paid by Medicare and Medicaid").

Further, Plaintiff's characterization of the Medicare Lien, which would be satisfied out of any damages he were to recover from Defendants, as "evidence of a detriment" to him is in tension with his previous assertion that he "received AARP Medicare benefits during his treatment." (Doc. # 45 at 2.) To be sure, Plaintiff may have to pay such benefits back by virtue of the lien, but if he had not been a Medicare beneficiary to begin with, he would have been liable for the entire amount billed. *See Gardenswartz*, 242 P.3d at 1086 (amount by which medical bills are reduced due to insurance discounts constitutes collateral source benefit). Thus, Plaintiff's rhetorical spin on the issue does not change the nature of the collateral source payment.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that evidence of Plaintiff's Medicare Lien is INADMISSIBLE.

DATED: January   17  , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge